UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ARMANDO VALDEZ, | ) | CASE NO. 4:09 CV 72 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN GUNJA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

    Pro se plaintiff Armando Valdez filed this civil rights action against Northeast Ohio Correctional Center ("NEOCC") Warden Gunja, the United States of America, United States Marshals Holding Center, Corrections Corporation of America ("CCA"), United States Marshals Director John F. Clark, Bureau of Prisons Director Harley Lappin, and John Does 1-10.  In the complaint, plaintiff asserts he was subjected to harsh conditions of confinement in violation of the Eighth and Fourteenth Amendments.  He seeks reduction of his criminal sentence and monetary damages.

**Background**

    Mr. Valdez states he was held as a pretrial detainee at NEOCC from October 4, 2007 until his transfer to a federal prison in 2008.  He contends the conditions at the private prison were "severe" and "inhumane."  (Compl. at 3.)  He indicates 3 inmates are housed in cells intended only

for 2 inmates. During lock down periods, inmates are denied access to the telephone, showers and fresh laundry. He claims deli meats were allowed to go unrefrigerated for hours prior to delivery to inmates for meals. He contends they were served deli meats for all three meals. Finally, he alleges that inmates with diseases like staphylococcus were permitted to mingle with inmates in the general population. He indicates that prisons are known to be incubators of disease. Mr. Valdez asserts that his sentence should be reduced 2 days for every day he was incarcerated at NEOCC. He also seeks monetary damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

expressed, and cannot be implied. U.S. v. King, 395 U.S. 1,4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957). The United States has not waived its immunity for civil rights actions and a Bivens claim therefore cannot be asserted against the United States government or its employees in their official capacities. Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991); see Name.Space, Inc. v. Network Solutions, Inc., 202 F.3d 573, 581 (2d Cir. 2000). This court lacks subject matter jurisdiction to consider plaintiff's claims against the United States and the United States Marshals Holding Center. Similarly, this court lacks subject matter jurisdiction to consider those claims asserted against Warden Gunja, United States Marshals Director John F. Clark, and Bureau of Prisons Director Harley Lappin in their official capacities.

Mr. Valdez failed to assert a claim upon which relief can be granted against Warden Gunja, United States Marshals Director John F. Clark, or Bureau of Prisons Director Harley Lappin in their individual capacities. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.

It is plausible that Mr. Valdez has named these defendants, along with CCA and United States Marshals Holding Center because they employ or indirectly supervise other individuals who may be responsible for some of the conditions described. Supervisory liability under § 1983, however, cannot attach where the allegation of liability is based upon a mere failure to act. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County

Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. In order for liability to attach to any of these defendants, Mr. Valdez must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Id. He must show that the supervisors somehow encouraged or condoned the actions of their inferiors. Id.; see Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the complaint which suggest these defendants actively participated in the conduct described in the pleading.

Finally, even if Mr. Valdez had asserted a claim against the proper defendant, he failed to state a claim upon which relief may be granted. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

4

As a threshold matter, plaintiff fails to establish the objective component of his claim. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. <u>Wilson</u>, 501 U.S. at 298; <u>see</u> <u>Hudson</u>, 503 U.S. at 8; <u>Street v. Corrections Corp. of America</u>, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. <u>Hudson</u>, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Inmates "cannot expect the amenities, conveniences and services of a good hotel." <u>Harris v. Fleming</u>, 839 F.2d 1232, 1235 (7th Cir.1988); <u>see</u> <u>Thaddeus-X v. Blatter</u>,175 F.3d 378, 405 (6th Cir. 1999).  The conditions Mr. Valdez describes, housing an extra inmate in a cell, denying privileges during lock down periods, serving deli meats which had not been refrigerated until they were delivered to inmates, eating deli meats with every meal and placing inmates with medical conditions in the general population, do not depict the  "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment.  See <u>Knop v. Johnson</u>, 977 F.2d 996, 1012-19 (6th Cir.1992); <u>see also</u> <u>Chandler v. Chapleau</u>, No. 95-6615, 1996 WL 577603, at *1 (6th Cir. Oct. 7, 1996).

Moreover, Mr. Valdez fails to establish that the defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment.  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. <u>Id.</u> at 837.  Mere negligence will not suffice. <u>Id.</u> at 835-36.  Even liberally construed, the complaint contains no allegations indicating  the defendants were aware of all of these conditions or, if aware, acted with a degree of culpability greater than mere negligence.  Consequently his Eighth Amendment claim

5

must be dismissed.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

                                                    S/Peter C. Economus - 4/20/09
                                                    PETER C. ECONOMUS
                                                    UNITED STATES DISTRICT JUDGE